PROB 12C
(7/93)

# United States District Court
for the
# District of Alaska

**Petition for Warrant or Summons for Offender Under Supervised Release**

Name of Offender: Max Jewett                                    Case Number: A04-037-02 CR (RRB)

Sentencing Judicial Officer:      Ralph R. Beistline, U.S. District Court Judge

Date of Original Sentence:       February 18, 2005

Original Offense:                Conspiracy, Counterfeiting Obligations to the U.S., Passing Counterfeit Obligations of the U.S., and Possession of Counterfeit Obligations

Original Sentence:               18 months jail, three years supervised release

Date Supervision Commenced:      December 16, 2005

Asst. U.S. Attorney: Crandon Randell                    Defense Attorney: Sue Ellen Tatter

---

**PETITIONING THE COURT**

[X]   To issue a warrant **(WARRANT PREVIOUSLY ISSUED AUGUST 2, 2006)**
[ ]   To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on July 26, 2006, the defendant was a participant in an alleged assault. This violation is a Grade B violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 9, "The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer," in that on July 26, 2006, the defendant was with an individual who committed an assault. This violation is a Grade C violation. |
| 3 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on July 26, 2006, the defendant allegedly smashed the window of a vehicle and stole a purse from the passenger's seat. This violation is a Grade C violation. |

-1-

*Petition for Warrant or Summons*
*Name of Offender*      :   Max Jewett
*Case Number*           :   A04-037-02 CR (RRB)

| | |
|---|---|
| 4 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that the defendant failed to submit to a urine test on July 28, 2006. This violation is a Grade C violation. |
| 5 | The defendant has violated the Special Condition of Supervision "In addition to submitting to drug testing in accordance with the Violent Crime Control and Law Enforcement Act of 1994, at the discretion of the probation officer, the defendant shall participate in a program approved by the United States Probation Office for substance abuse treatment, which program shall include counseling and/or testing to determine whether the defendant has reverted to the use of drugs or alcohol," in that the defendant failed to show for a urine test on August 1, 2006. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

[ ]   The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**
_____
 s/ for   Travis Lyons
U.S. Probation/Pretrial Services Officer
Date: August 2, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

-2-

*Petition for Warrant or Summons*
*Name of Offender*    :    *Max Jewett*
*Case Number*         :    *A04-037-02 CR (RRB)*

THE COURT ORDERS

[√]  The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

**REDACTED SIGNATURE**

Ralph R. Beistline
U.S. District Court Judge

8/7/06
Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio*, 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
### for the
## DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** ) ) ) vs. ) ) ) Max Jewett ) | Case Number: A04-037-02 CR (RRB) DECLARATION IN SUPPORT OF PETITION |

I, Travis Lyons, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Max Jewett, and in that capacity declare as follows:

On February 18, 2005, the above-named defendant was sentenced for Conspiracy, Counterfeiting Obligations to the U.S., Passing Counterfeit Obligations of the U.S., and Possession of Counterfeit Obligations. The defendant's sentence was 18 months jail and three years supervised release. The defendant started his term of supervised release on December 16, 2005.

On July 26, 2006, APD notified this office that the defendant was a suspect in an assault in which the defendant was armed with a .45 caliber pistol, and he and another armed assailant (with a shotgun) assaulted a third individual with a baseball bat.

In addition, on July 26, 2006, the APD informed this office that the defendant was a suspect in multiple vehicle burglaries, where he smashed windows of vehicles, stealing purses. APD stated that witnesses had picked the defendant's picture from a photo collage.

On July 28, 2006, the defendant failed to show for a UA appointment as directed. The defendant was aware of this appointment because the probation officer had contacted him personally via telephone and informed him of the appointment.

Executed this 1st day of August, 2006., at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Travis Lyons
U.S. Probation Officer